Martin v Mannix Family Mkt. @ Forest & Richmond Ave, LLC (2024 NY Slip Op 03040)

Martin v Mannix Family Mkt. @ Forest & Richmond Ave, LLC

2024 NY Slip Op 03040

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-08334
 (Index No. 152415/20)

[*1]Wayne Martin, appellant, 
v
Mannix Family Market &commat; Forest and Richmond Ave, LLC, etc., respondent.

David Resnick & Associates, P.C. (Monier Law Firm, PLLC, New York, NY [Philip Monier III], of counsel), for appellant.
Torino & Bernstein, P.C., Mineola, NY (Ellie S. Konstantatos of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated September 21, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On January 19, 2020, the plaintiff allegedly was injured when he tripped and fell on a floor mat as he entered the defendant's supermarket. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals.
"A defendant moving for summary judgment in a trip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Rivera v Queens Ballpark Co., LLC, 134 AD3d 796, 797; see Arzola v Boston Props. Ltd. Partnership, 63 AD3d 655, 656). "A defendant has constructive notice of a dangerous or defective condition when it is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Mermelstein v Campbell Fitness NC, LLC, 201 AD3d 923, 924; see Mowla v Baozhu Wu, 195 AD3d 706, 707).
Here, contrary to the plaintiff's contention, the plaintiff failed to raise a triable issue of fact in opposition to the defendant's prima facie showing that it did not create or have actual or constructive notice of a dangerous or defective condition. An expert opinion offered in opposition to a motion for summary judgment must contain more than mere conclusory assertions (see Romano v Stanley, 90 NY2d 444, 451; Salas v Adirondack Tr. Lines, Inc., 172 AD3d 775, 775-776). Here, the plaintiff's expert failed to set forth any foundation to support his conclusion that the floor mat violated industry standards (see Salas v Adirondack Tr. Lines, Inc., 172 AD3d at 776; Kasner v Pathmark Stores, Inc., 18 AD3d 440, 441; Ruggiero v Waldbaums Supermarkets, 242 AD2d 268, 269-270).
The plaintiff's remaining contention is without merit.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court